UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FERNANDO ROLDAN, CESAR MALDONADO and
STEVEN MALDONADO,

                                               Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ROXANNE MORALES-CHEN, POLICE OFFICER
DENNIS O'HARA, POLICE OFFICER DANIEL
MCSHERRY, POLICE OFFICER DANIEL
LUDEMANN,

                                               Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 9364 (BSJ) (HBP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by members of the New York City Police Department ("NYPD") and the New York City Department of Correction ("DOC"). Plaintiff Fernando Roldan alleges that, on April 28, 2007, members of the NYPD subjected him to false arrest, excessive force, assault, battery, and fabrication of evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution and New York common law. Plaintiff Cesar Maldonado alleges that, on April 28, 2007, members of the NYPD subjected him to false arrest, excessive force, and fabrication of evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution. Finally, plaintiff Steven Maldonado alleges that, on April 28, 2007, members of the NYPD subjected him to false arrest, excessive force, and fabrication of evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution, and that, on or about April 29, 2007, DOC officers, pursuant to a policy, practice or custom of the City of New York, subjected him to an illegal strip search at Rikers Island Correctional Facility. Plaintiffs seek compensatory

and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and amendments and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff Fernando Roldan invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, and battery. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at NYPD Headquarters located at One Police Plaza, at the office of the Civilian Complaint Review Board located at 40 Rector Street, and at the Department of Correction located on Hudson Street. Finally, venue is proper pursuant to 28 U.S.C. § 1391(b) because plaintiff Steven Maldonado was illegally strip searched in this district at Rikers Island Correctional Facility.

**PARTIES**

5. Plaintiffs are residents of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

2

7. Police Officer Roxanne Morales-Chen is a member of the NYPD who was involved in the arrests of plaintiffs, and the events surrounding plaintiffs' arrests, on April 28, 2007. Morales-Chen is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of her fellow officers. Morales-Chen is sued in her individual capacity.

8. Police Officer Dennis O'Hara is a member of the NYPD who was involved in the arrests of plaintiffs, and the events surrounding plaintiffs' arrests, on April 28, 2007. O'Hara is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of his fellow officers. O'Hara is sued in his individual capacity.

9. Police Officer Daniel McSherry is a member of the NYPD who was involved in the arrests of plaintiffs, and the events surrounding plaintiffs' arrests, on April 28, 2007. McSherry is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of his fellow officers. McSherry is sued in his individual capacity.

10. Police Officer Daniel Ludemann is a member of the NYPD who was involved in the arrests of plaintiffs, and the events surrounding plaintiffs' arrests, on April 28, 2007. Ludemann is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of his fellow officers. Ludemann is sued in his individual capacity.

**STATEMENT OF FACTS**

11. On April 28, 2007, numerous police officers of the 83rd Precinct, including the individual defendants, responded to a noise complaint concerning a party hall located on Central Avenue in Brooklyn, New York.

12. Plaintiffs were guests at a private party being held in the party hall.

13. During the party, police officers, including the individual defendants, arrested the three plaintiffs without cause.

14. Those individual defendants who were not physically involved in the false arrests stood by and failed to intervene despite having a reasonable opportunity to do so.

15. The police, including the individual defendants, used excessive force on plaintiffs in the course of plaintiffs' arrests.

16. Those individual defendants who were not physically involved in the use of unreasonable force stood by and failed to intervene despite having a reasonable opportunity to do so.

17. Defendants and other police officers, acting in concert, unnecessarily pulled plaintiff Fernando Roldan out of a van by his legs, causing his body to strike the ground. Roldan was then struck several times on his face and head and handcuffed excessively tight, causing him to suffer pain and injury.

18. Plaintiff Fernando Roldan's injuries caused him to subsequently obtain medical treatment at Woodhull Hospital and Wyckoff Heights Hospital.

19. Defendants and other police officers, acting in concert, unnecessarily threw plaintiff Cesar Maldonado against a gate, handcuffed him excessively tight, and struck him several times on his face and body. This beating caused Maldonado to become unconscious.

20. Plaintiff Cesar Maldonado's injuries caused him to subsequently obtain medical treatment at Woodhull Hospital.

21. Defendants and other police officers, acting in concert, unnecessarily struck plaintiff Steven Maldonado in the head with a blunt object, brought him to the ground, pushed knees into his back, handcuffed him excessively tight, and rubbed his face into the ground. This beating caused Maldonado to become unconscious.

22. Plaintiff Steven Maldonado's injuries caused him to subsequently obtain medical treatment at Woodhull Hospital and Brooklyn Hospital Center.

23. After plaintiffs were beaten and arrested without cause, the police brought them to the 83rd Precinct for arrest processing.

24. At the 83rd Precinct, the police took photographs of plaintiffs' visible injuries.

25. Some time later, defendants Morales-Chen, O'Hara, and McSherry conveyed false information to a prosecutor in an effort to have plaintiffs prosecuted on several misdemeanors.

26. Plaintiffs were arraigned in Criminal Court on misdemeanor charges on April 29, 2007.

27. Plaintiffs Roldan and Cesar Maldonado were released on their own recognizance, but bail was set on Steven Maldonado.

28. Some time after his arraignment, plaintiff Steven Maldonado, who was charged only with misdemeanors, was brought to Rikers Island Correctional Facility.

29. On the date that Steven Maldonado arrived at Rikers Island, the City of New York, through DOC, maintained an illegal policy, practice or custom of strip searching all

detainees charged with misdemeanors without regard to whether there existed reasonable suspicion to believe that the alleged misdemeanant was in possession of weapons, narcotics, or other contraband.

30. On the date that Steven Maldonado arrived at Rikers Island, the City of New York, through DOC, maintained an illegal policy, practice or custom of strip searching detainees in groups.

31. Steven Maldonado was strip searched pursuant to the policy, practice or custom described in ¶ 29.

32. Steven Maldonado was strip searched with a group of other inmates pursuant to the policy, practice or custom described in ¶ 29.

33. Steven Maldonado was later bailed out of DOC custody.

34. Plaintiffs were required to make numerous court appearances until the charges filed against them were adjourned in contemplation of dismissal in October 2007.

35. As a result of the foregoing, plaintiffs suffered pain, injuries to the face, wrists, and body, emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, and loss of liberty.

### PLAINTIFFS' FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

36. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. The conduct of the individual defendants, as described herein, amounted to false arrest, excessive force, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF STEVEN MALDONADO'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK CONCERNING THE CONDUCT OF ITS DEPARTMENT OF CORRECTION**

38. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39. On the date that plaintiff Steven Maldonado arrived at Rikers Island, the City of New York, through DOC, maintained an illegal policy, practice or custom of strip searching all detainees charged with misdemeanors without regard to whether there existed reasonable suspicion to believe that the alleged misdemeanant was in possession of weapons, narcotics, or other contraband.

40. On the date that Steven Maldonado arrived at Rikers Island, the City of New York, through DOC, maintained an illegal policy, practice or custom of strip searching detainees in groups.

41. Steven Maldonado was strip searched pursuant to the policy, practice or custom described in ¶ 39.

42. Steven Maldonado was strip searched with a group of other inmates pursuant to the policy, practice or custom described in ¶ 40.

**PLAINTIFFS' FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK CONCERNING THE CONDUCT OF ITS POLICE DEPARTMENT**

43. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-42 as if fully set forth herein.

44. The City of New York, through the actions of the NYPD, directly caused the constitutional violations suffered by plaintiffs.

45.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

46.     The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF FERNANDO ROLDAN'S STATE LAW CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

47.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-46 as if fully set forth herein.

48.     The conduct of the individual defendants toward plaintiff Fernando Roldan, as described herein, amounted to false arrest, assault, and battery in violation of New York common law.

### PLAINTIFF FERNANDO ROLDAN'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

49.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-48 as if fully set forth herein.

50.  Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, and battery.

51.  Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    October 18, 2007
                 Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

*Richard J. Cardinale*
_____
RICHARD J. CARDINALE (RC-8507)