UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

FERNANDO ROLDAN, CESAR MALDONADO
and STEVEN MALDONADO,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
ROXANNE MORALES-CHEN, POLICE OFFICER
DENNIS O'HARA, POLICE OFFICER DANIEL
MCSHERRY, POLICE OFFICER DANIEL
LUDEMANN,

                              Defendants.

**ANSWER**

07 CV 9364 (BSJ) (HBP)

Trial By Jury Requested

(filed by ECF)

-------------------------------------------------------------------------x

        Defendants City of New York, Roxanne Morales-Chen, Dennis O'Hara, Daniel McSherry, and Daniel Ludemann, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action and to seek relief as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to bring this action and to invoke the Court's jurisdiction as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff Roldan purports to invoke the Court's supplemental jurisdiction as set forth therein, admit that a document purporting to be a notice of claim on behalf of Fernando Roldan

was received by the Comptroller's Office of the City of New York on or about July 13, 2007, admit that more than 30 days have elapsed since that date, admit that the claim has not been settled, and state that the allegations concerning whether the notice of claim was filed on the City of New York within 90 days of the date of incident are legal conclusions rather than averments of fact and, accordingly, no response is required.

      4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to base venue as set forth therein.

      5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

      6.      Admit the allegations set forth in paragraph "6" of the complaint.

      7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that Roxanne Morales-Chen is employed by the City of New York as a police officer, that she was employed by the City of New York as a police officer on or about April 28, 2007, that she was involved in the arrests of one or more of the plaintiffs on or about that date, and admit that plaintiffs purport to sue her as set forth therein.

      8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that Dennis O'Hara is employed by the City of New York as a police officer, that he was employed by the City of New York as a police officer on or about April 28, 2007, that he was involved in the arrests of one or more of the plaintiffs on or about that date, and admit that plaintiffs purport to sue him as set forth therein.

      9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that Daniel McSherry is employed by the City of New York as a police officer, that he was employed by the City of New York as a police officer on or about April 28, 2007, that he was

involved in the arrests of one or more of the plaintiffs on or about that date, and admit that plaintiffs purport to sue him as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Daniel Ludemann is employed by the City of New York as a police officer, that he was employed by the City of New York as a police officer on or about April 28, 2007, that he was involved in the arrests of one or more of the plaintiffs on or about that date, and admit that plaintiffs purport to sue him as set forth therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that police officers assigned to the 83rd NYPD precinct responded to a complaint of noise at a location on Central Avenue in Brooklyn, New York, on or about April 28, 2007.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiffs were at the location.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiffs were arrested.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's medical treatment.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff Steven Maldonado was transported to Woodhull Hospital.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiffs were arrested and transported to the 83rd NYPD precinct.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiffs were arraigned.

27. Admit the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Steven Maldonado was transported to Rikers Island.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admit that plaintiffs made court appearances until the charges were adjourned in contemplation of dismissal in October of 2007.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth therein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth therein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "42" of this answer as if fully set forth therein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth therein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" of this answer as if fully set forth therein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

52. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

53. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

54. At all times relevant to the acts alleged in the complaint, defendant City of New York, and its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

55. Any injury alleged to have been sustained resulted from plaintiffs' respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

56. There was probable cause for plaintiffs' arrests and/or detentions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

57. Punitive damages are not obtainable as against defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**:

58. Defendants Roxanne Morales-Chen, Dennis O'Hara, Daniel McSherry, and Daniel Ludemann have not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, are protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York, Roxanne Morales-Chen, Dennis O'Hara, Daniel McSherry, and Daniel Ludemann request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 8, 2008

                                  **MICHAEL A. CARDOZO**
                                  Corporation Counsel of the
                                      City of New York
                                 Attorney for Defendants City of New York,
                                      Roxanne Morales-Chen, Dennis O'Hara,
                                      Daniel McSherry, and Daniel Ludemann
                                  100 Church Street
                                  New York, New York  10007
                                  (212) 227-4071

                                  By: _____/S/_____
                                        SUSAN P. SCHARFSTEIN

To:    Richard Cardinale, Esq.
        Cardinale & Marinelli
        26 Court Street, Suite 1815
        Brooklyn, NY  11242

Index No. 07 CV 9364 (BSJ) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO ROLDAN, CESAR MALDONADO and STEVEN MALDONADO,

                Plaintiffs,

THE CITY OF NEW YORK, POLICE OFFICER ROXANNE MORALES-CHEN, POLICE OFFICER DENNIS O'HARA, POLICE OFFICER DANIEL MCSHERRY, POLICE OFFICER DANIEL LUDEMANN,

                Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York, Roxanne*
   *Morales-Chen, Dennis O'Hara, Daniel McSherry,*
   *and Daniel Ludemann*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................, 200 . . .*

*...............................................................................................Esq.*

*Attorney for ....................................................................................*